UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAVNIL KUMAR,

        Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

Case No. 26-cv-04815-EKL

**ORDER OF DISMISSAL**

Re: Dkt. Nos. 1, 2

On May 20, 2026, self-represented Plaintiff Ravnil Kumar filed this action and an application to proceed *in forma pauperis*. *See* ECF No. 1 ("Complaint"), No. 2 ("IFP Application"). Having considered Kumar's application to proceed *in forma pauperis*, the application is GRANTED. In this Order, the Court screens the complaint and finds that this action must be dismissed without prejudice because it was instituted prematurely.

Section 1915(e)(2) requires the Court to screen complaints filed by persons proceeding *in forma pauperis*. The Court must identify any cognizable claims, and dismiss claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Here, the Court finds that the complaint must be dismissed for lack of subject matter jurisdiction. Kumar brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), against the United States, the United States Postal Service, and its employees. *See* Compl. ¶¶ 2, 7, 11-12, 15-16, 18-23. However, an action under the FTCA "shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered

United States District Court
Northern District of California

United States District Court
Northern District of California

mail." 28 U.S.C. § 2675(a). "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." *Id*. The administrative claim requirement is jurisdictional. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000); *see also Cadwalader v. United States*, 45 F.3d 297, 300 (9th Cir. 1995).

It is clear from the face of the complaint that Kumar failed to satisfy the administrative claim requirement. Kumar alleges that he "complied with the prerequisite administrative requirements of the FTCA by formally serving an executed Standard Form 95" on March 12, 2026.[1] Compl. ¶¶ 3, 8. Kumar further alleges that, to date, Defendants "continue to completely ignore" his claims. *Id*. ¶ 17. If Defendants have ignored Kumar's administrative claims, the claims have not been "finally denied by the agency in writing." 28 U.S.C. § 2675(a). Moreover, six months have not yet passed since Kumar served the Standard Form 95 on March 12, 2026. Thus, the Court may not construe Defendants' failure to respond as a denial of Kumar's administrative claims.

Accordingly, this action is dismissed because Kumar failed to comply with the FTCA's administrative claim requirement before filing the complaint in federal court. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit."). Dismissal is without prejudice to Kumar instituting a new action after he satisfies the administrative claim requirement. However, this action is TERMINATED. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 3, 2026

_____
Eumi K. Lee
United States District Judge

---

[1] Although not material to the Court's ruling, the Court observes that Standard Form 95 is not attached to the complaint as Kumar described. *See* Compl. ¶ 3.

2